**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 22-4090**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

SEAN LOUIS PAGE,

        Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, Chief District Judge.  (4:20-cr-00164-RBH-1)

---

Submitted:  July 28, 2023                                      Decided:  August 18, 2023

---

Before NIEMEYER and QUATTLEBAUM, Circuit Judges, and KEENAN, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** James T. McBratney, Jr., MCBRATNEY LAW FIRM, PA, Florence, South Carolina, for Appellant.  Adair F. Boroughs, United States Attorney, Kathleen M. Stoughton, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sean Louis Page pled guilty, pursuant to a written plea agreement, to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2018).[*] The district court sentenced Page to 72 months' imprisonment, below his Sentencing Guidelines range. On appeal, Page contends that the district court plainly erred in establishing his base offense level under the Guidelines by counting his prior South Carolina conviction for distributing cocaine base as a "controlled substance offense." *See* U.S. Sentencing Guidelines Manual § 2K2.1(a)(2) (2018). We affirm the district court's judgment.

Because Page failed to object to his Guidelines calculations in the district court, we review his argument for plain error. *United States v. Aplicano-Oyuela*, 792 F.3d 416, 422 (4th Cir. 2015). "To satisfy plain error review, the defendant must establish that: (1) there is a sentencing error; (2) the error is plain; and (3) the error affects his substantial rights." *Id.* We retain discretion to "cure the error, and should not do so unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted). An error is plain "if the settled law of the Supreme Court or this circuit establishes that an error has occurred." *United States v. Simmons*, 917 F.3d 312,

---

[*] Section 924(a)(2) was amended and no longer provides the penalty for § 922(g) convictions; the new penalty provision in 18 U.S.C. § 924(a)(8) sets forth a statutory maximum sentence of 15 years' imprisonment for a § 922(g) offense. *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022). The 15-year statutory maximum does not apply in this case, however, because Page committed his offense before the June 25, 2022, amendment of the statute.

2

316 (4th Cir. 2019) (internal quotation marks omitted).  "In the ordinary case, . . . the failure to correct a plain Guidelines error that affects a defendant's substantial rights will seriously affect the fairness, integrity, and public reputation of judicial proceedings."  *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1911 (2018).

The district court applied an enhanced base offense level after finding that Page's prior South Carolina conviction for distributing cocaine base qualified as a "controlled substance offense."  *See* USSG § 2K2.1(a)(2) & cmt. n.1.  A "controlled substance offense" is "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense."  USSG § 4B1.2(b).  While this appeal was pending, we held that a South Carolina conviction for distributing cocaine base qualifies as a "controlled substance offense."  *See United States v. Davis*, 72 F.4th 605, 620-22 (4th Cir. 2023).  Thus, the district court did not plainly err in applying USSG § 2K2.1(a)(2).

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3